UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PENNSYLVANIA MANUFACTURERS'
ASSOCIATION INSURANCE COMPANY,

        Plaintiff,

v.

MORNINGSIDE ACQUISITION, LLC d/b/a MORNINGSIDE
NURSING & REHABILITATION CENTER; MORNINGSIDE
ACQUISITION II, LLC; MORNINGSIDE ACQUISITION III, LLC,

        Defendants.

**COMPLAINT**

Civil Action No.
18-cv-1943

---

Plaintiff, Pennsylvania Manufacturers' Association Insurance Company ("PMAIC"), by and through its attorneys, Smith, Sovik, Kendrick & Sugnet, P.C., as and for its Complaint, alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1332; this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in this Court pursuant to 28 U.S.C § 1391 (b) (1) because at least one of the defendants maintains its offices, conducts business and resides in this district, and all defendants are residents of New York.

## THE PARTIES

3. Plaintiff is a foreign business corporation duly organized under the laws of the State of Pennsylvania and authorized to do business in the State of New York with its principal place of business located at 380 Sentry Parkway, Blue Bell, Montgomery County, Pennsylvania 19422.

4. Upon information and belief, Defendant Morningside Acquisition I, LLC d/b/a Morningside Nursing & Rehabilitation Center ("Morningside I"), is a domestic business corporation duly organized under the laws of the State of New York with a principal place of business located at 225 Crossways Park Drive, Woodbury, New York 11797-2054 in Nassau County.

5. Upon information and belief, Defendant Morningside Acquisition II, LLC ("Morningside II"), is a domestic business corporation duly organized under the laws of the State of New York with a principal place of business located at 1000 Pelham Pkwy South, Bronx, New York 10461-1003.

6. Upon information and belief, Defendant Morningside Acquisition III, LLC ("Morningside III"), is a domestic business corporation duly organized under the laws of the State of New York with a principal place of business located at 1000 Pelham Pkwy South, Bronx, New York 10461-1003.

## FACTUAL ALLEGATIONS

7. On or about July 18, 2014, PMAIC issued and Defendants accepted – a Workers Compensation and Employers' Liability Insurance Policy bearing Policy Number 201400-04-98-

17-0 for the Policy Period of 07-18-2014 to 07-18-2015 ("2014 Policy"). A copy of the 2014 Policy is attached as **Exhibit "A."**

8. In the 2014 Policy, Morningside I is listed as the first named insured.

9. The 2014 Policy also lists Morningside II and Morningside III as additional named insureds via the Extension of Information Page/Workers Compensation Classification Schedule (WC 89 04 15).

10. On or about July 18, 2015, PMAIC issued – and Morningside I accepted – a Workers Compensation and Employers' Liability Insurance Policy bearing Policy Number 201500-04-98-17-0 for the Policy Period of 07-18-2015 to 07-18-2016 ("2015 Policy"). A copy of the 2015 Policy is attached as **Exhibit "B."**

11. While the Extension of Information Page/Workers Compensation Classification Schedule (WC 89 04 15) for the 2015 Policy did not list Morningside II and Morningside III as additional named insureds at policy inception, Morningside II and Morningside III were added as additional named insureds via mid-term endorsement to the 2015 Policy effective at inception date.

12. Both policies as well as the mid-term endorsements for each Policy were delivered to and received by Defendants following policy inception.

13. In consideration for the issuance of the two insurance policies, Defendants agreed to timely pay all premiums/surcharges due under the terms of each Policy as calculated by PMAIC.

## COUNT I

### BREACH OF CONTRACT – THE 2014 POLICY
### (POLICY # 201400-04-98-17-0)

14. Plaintiff restates and realleges paragraphs "1" through "13" of this Complaint with the same force and effect as if fully set forth herein.

15. As referenced previously, PMAIC issued – and Defendants accepted – a Workers' Compensation and Employers' Liability Insurance Policy bearing Policy Number 201400-04-98-17-0 - the 2014 Policy. Ex. A.

16. In return for the issuance of the 2014 Policy, Defendants agreed to pay timely all premiums/surcharges due under the terms of the Policy.

17. Defendants selected the Incurred Loss Retrospectively Rated Plan for the 2014 Policy. A copy of the Plan Selection form is attached as **Exhibit "A-1."** This form was executed by Defendants' Vice President of Finance. The Plan Selection form stated in pertinent part:

> This is to confirm that we (the undersigned) have selected the *Incurred Loss Retrospectively Rated* Plan for Policy Number *201400-04-98-17-0.*
>
> ...
>
> The insured understands and agrees that the choice of any plan other than the Fixed Cost or Level Dividend will result in an adjustment of the Standard Premium based upon incurred losses relating to the policy period. Rating plan calculations are subject to multiple annual adjustments and can result in additional or return billings.
>
> ...
>
> The Insured under the above described Policy (the "Policy") hereby acknowledges and agrees that the advance premium … for the Policy is merely an estimate of the ultimate premium payable by the insured to Pennsylvania

4

> Manufacturers Association Insurance Company, Manufacturers Alliance Insurance Company or Pennsylvania Manufacturers Indemnity Company. The Insured further understands and agrees that the ultimate premium payable will be determined by The PMA Group based upon PMA's calculation of incurred losses, which include Allocated Loss Adjustment Expenses (ALAE), and audited payrolls relating to the Policy period. The insured further understands and agrees that the ultimate determination of premium is made in accordance with the wording contained in the Policy, endorsements forming part of the Policy, [and] the plan selection indicated above, and in accordance with the rates and rules of the applicable Workers' Compensation Rating Bureau as approved by the respective Insurance Department.

(Ex. A-1).

18. For the 2014 Policy, the "Notice of Election of Retrospective Rating Plan" showed Defendants selected a retrospectively rated plan. Because the policy chosen by Defendants involved non-filed retrospective rating factors, PMAIC was required to file this form, once executed by Defendants, with the New York State Compensation Insurance Rating Board ("NYCIRB") for statutory compliance purposes. A copy of the "Notice of Election of Retrospective Rating Plan" form for the 2014 Policy is attached as **Exhibit "A-2."**

19. Several policy forms – all part of the 2014 Policy – plainly show Defendants selected a retrospectively rated plan. These forms include, but are not limited to, the "Retrospective Rating Plan Premium Endorsement One Year Plan" (Ex. A [form WC 00 05 03 B]); the "Retrospective Rating Plan Premium Endorsement Flexibility Options" Ex. A [form WC 00 05 15 A]); the "Retrospective Premium Amendatory Endorsement Large Risk Alternative Rating Option" Ex. A [form WC 99 05 01A]); and the "Retrospective Rating Plan Premium Endorsement – Large Risk Alternative Rating Option (LRARO)" Ex. A [form WC 00 05 16].

20. The "Retrospective Rating Plan Premium Endorsement One Year Plan" (Ex. A [form WC 00 05 03 B]), explained in great detail the rating plan and how the retrospective plan premium would be determined.

21. Under the "Retrospective Rating Plan Premium Endorsement One Year Plan," (Ex. A [form WC 00 05 03 B]), PMAIC and Defendants agreed that after each calculation of retrospective premium, Defendants would pay promptly to PMAIC an amount due, or PMAIC would refund an amount due to Defendants. Specifically, the Endorsement provided as follows: "After each calculation of retrospective rating plan premium, you will pay promptly the amount due us, or we will refund the amount due you. Each insured is responsible for the payment of all standard premium and retrospective rating plan premium calculated under this endorsement." (Ex. A [form WC 00 05 03 B]).

22. The "Retrospective Rating Plan Premium Endorsement Flexibility Options" Ex. A [form WC 00 05 15 A]) explained that "incurred losses are changed to include allocated loss adjustment expense."

23. The "Retrospective Premium Amendatory Endorsement Large Risk Alternative Rating Option" (Ex. A [form WC 99 05 01A]) set forth the minimum, maximum and basic rates PMAIC would charge for coverage under the Policy as well as the loss limitation, loss conversion factor and estimated premium due at Policy inception.

24. The 2014 Policy also contained a Premium Due Date Endorsement which amended the language of PART FIVE (D) - PREMIUM, § D of the Policy to read as follows: "The due date for audit and retrospective premiums is the date of the billing." (Ex. A, Form WC 00 04 19]).

25.     On or about March 6, 2017, PMAIC performed the second Retrospective Adjustment under the 2014 Policy, resulting in additional premium/state assessments due PMAIC in the amount of $341,460.00.  A copy of the second Retrospective Adjustment under the 2014 Policy is attached as **Exhibit "A-3."**

26.     On or about February 2, 2018, PMAIC performed the third Retrospective Adjustment under the 2014 Policy, resulting in additional premium/state assessments due PMAIC in the amount of $259,168.00.  A copy of the third Retrospective Adjustment under the 2014 Policy is attached as **Exhibit "A-4."**

27.     After accounting for the payments Defendants made under the Policy and all other credits that Defendants may be entitled, which totaled $686,568.00, there is a balance due PMAIC of $600,628.00 under the 2014 Policy.  A copy of the Statement/History showing the account summary for the 2014 Policy is attached as **Exhibit "A-5."**

28.     PMAIC fully performed its obligations and duties under the terms of the 2014 Policy.

29.     Defendants, however, breached their contractual promise to pay by neglecting and/or refusing to pay PMAIC the sums due under the 2014 Policy.

30.     Defendants have failed, refused, and neglected to pay PMAIC $600,628.00 in outstanding premium/state assessments due under the 2014 Policy leaving PMAIC without the use of this sum since the issuance of the retrospective adjustments.

31.     By reason of the foregoing, PMAIC seeks a money judgment against Defendants in the amount of $600,628.00 on the 2014 Policy.

## COUNT II

### BREACH OF CONTRACT – THE 2015 POLICY
### (POLICY # 201500-04-98-17-0)

32. Plaintiff restates and realleges paragraphs "1" through "31" of this Complaint with the same force and effect as if fully set forth herein.

33. As referenced previously, PMAIC issued – and Defendants accepted – a Workers' Compensation and Employers' Liability Insurance Policy bearing Policy Number 201500-04-98-17-0 - the 2015 Policy. Ex. B.

34. In return for the issuance of the 2015 Policy, Defendants agreed to pay timely all premiums/surcharges due under the terms of the Policy.

35. Defendants selected the Incurred Loss Retrospectively Rated Plan for the 2015 Policy. A copy of the Plan Selection form is attached as **Exhibit "B-1."** This form was executed by Defendants' Managing Partner, Pasquale DeBenedictis. The Plan Selection form stated in pertinent part:

> This is to confirm that we (the undersigned) have selected the *Incurred Loss Retrospectively Rated* Plan for Policy Number *201500-04-98-17-0.*
>
> …
>
> The insured understands and agrees that the choice of any plan other than the Fixed Cost or Level Dividend will result in an adjustment of the Standard Premium based upon incurred losses relating to the policy period. Rating plan calculations are subject to multiple annual adjustments and can result in additional or return billings.
>
> …
>
> The Named Insured understands that the advance premium … for the captioned Policy is merely an estimate of the ultimate premium payable by the insured to the insurance company. The Insured further understands that the ultimate premium payable will be determined by The PMA Group based upon Our

8

calculation of incurred losses, which include ALAE, and audited payrolls relating to the Policy period. The Insured further understands that the ultimate determination of premium is made in accordance with the wording contained in the Policy, endorsements forming part of the Policy, this plan selection, and in accordance with the rates and rules of the applicable Workers' Compensation Rating Bureau as approved by the respective Insurance Department.

(Ex. B-1).

36. For the 2015 Policy, the "Notice of Election of Retrospective Rating Plan" showed Defendants selected a retrospectively rated plan. Because the policy chosen by Defendants involved non-filed retrospective rating factors, PMAIC was required to file this form, once executed by Defendants, with the New York State Compensation Insurance Rating Board ("NYCIRB") for statutory compliance purposes. A copy of the "Notice of Election of Retrospective Rating Plan" form for the 2015 Policy is attached as **Exhibit "B-2."**

37. Several policy forms – all part of the 2015 Policy – plainly show Defendants selected a retrospectively rated plan. These forms include, but are not limited to, the "Retrospective Rating Plan Premium Endorsement One Year Plan" (Ex. B [form WC 00 05 03 C]); the "Retrospective Rating Plan Premium Endorsement Flexibility Options" Ex. B [form WC 00 05 15 A]); the "Retrospective Premium Amendatory Endorsement Large Risk Alternative Rating Option" Ex. B [form WC 99 05 01A]); and the "Retrospective Rating Plan Premium Endorsement – Large Risk Alternative Rating Option (LRARO)" Ex. B [form WC 00 05 16].

38. The "Retrospective Rating Plan Premium Endorsement One Year Plan" (Ex. B [form WC 00 05 03 C]), explained in great detail the rating plan and how the retrospective plan premium would be determined.

39. Under the "Retrospective Rating Plan Premium Endorsement One Year Plan," (Ex. B [form WC 00 05 03 C]), PMAIC and Defendants agreed that after each calculation of

9

retrospective premium, Defendants would pay promptly to PMAIC an amount due, or PMAIC would refund an amount due to Defendants. Specifically, the Endorsement provided as follows: "After each calculation of retrospective rating plan premium, you will pay promptly the amount due us, or we will refund the amount due you. Each insured is responsible for the payment of all standard premium and retrospective rating plan premium calculated under this endorsement." (Ex. B [form WC 00 05 03 C]).

40. The "Retrospective Premium Endorsement Flexibility Options" Ex. B [form WC 00 05 15 A]) explained that "incurred losses are changed to include allocated loss adjustment expense."

41. The "Retrospective Premium Amendatory Endorsement Large Risk Alternative Rating Option" (Ex. B [form WC 99 05 01A]) set forth the minimum, maximum and basic rates PMAIC would charge for coverage under the Policy as well as the loss limitation, loss conversion factor and estimated premium due at Policy inception.

42. The 2015 Policy also contained a Premium Due Date Endorsement which amended the language of PART FIVE (D) - PREMIUM, § D of the Policy to read as follows: "The due date for audit and retrospective premiums is the date of the billing." (Ex. B, Form WC 00 04 19]).

43. On or about March 31, 2016, the 2015 Policy was cancelled by Defendants short of term. A copy of the "Policy Termination/Cancellation/Reinstatement Notice" for the 2015 Policy is attached as **Exhibit "B-3."**

44. On or about October 17, 2016, PMAIC audited Defendants' payrolls under the 2015 Policy, resulting in a credit of premium and surcharge due Defendants in the amount of

$204,005.00. A copy of the October 17, 2016, Audit Adjustment Summary and the Premium Adjustment Notice for the 2015 Policy is attached as **Exhibit "B-4."**

45. On or about November 3, 2016, PMAIC performed the first Retrospective Adjustment under the 2015 Policy, resulting in additional premium/state assessments due PMAIC in the amount of $532,292.00. A copy of the first Retrospective Adjustment under the 2015 Policy is attached as **Exhibit "B-5."**

46. On or about September 26, 2017, PMAIC performed the second Retrospective Adjustment under the 2015 Policy, resulting in additional premium/state assessments due PMAIC in the amount of $112,540.00. A copy of the second Retrospective Adjustment under the 2015 Policy is attached as **Exhibit "B-6."**

47. After accounting for the payments Defendants made under the Policy and all other credits that Defendants may be entitled, which totaled $486,000.76, there is a balance due PMAIC of $602,827.24 under the 2015 Policy. A copy of the Statement/History showing the account summary for the 2015 Policy is attached as **Exhibit "B-7."**

48. PMAIC fully performed its obligations and duties under the terms of the 2015 Policy.

49. Defendants, however, breached their contractual promise to pay by neglecting and/or refusing to pay PMAIC the sums due under the 2015 Policy.

50. Defendants have failed, refused, and neglected to pay PMAIC $602,827.24 in outstanding premium/state assessments due under the 2015 Policy leaving PMAIC without the use of this sum since the issuance of the retrospective adjustments.

51. By reason of the foregoing, PMAIC seeks a money judgment against Defendants in the amount of $602,827.24 on the 2015 Policy.

52. Following all adjustments made and all credits due under both Policies, Defendants now owe PMAIC $1,203,455.24. An updated Summary Statement setting forth the balances due under all four Policies is attached hereto as **Exhibit C**.

**WHEREFORE**, Plaintiff, Pennsylvania Manufacturers' Association Insurance Company requests that this Court grant it judgment and order the following relief:

(A) A judgment for Plaintiff and against Defendants on all causes of action;

(B) A judgment for Plaintiff and against Defendants in the amount of $1,203,455.24 for Counts I and II;

(C) An award of prejudgment interest;

(D) An award of reasonable attorneys' fees and the costs for this litigation; and

(E) Such other and further relief as this Court deems just and proper.

**DATED:** MARCH 30, 2018          **SMITH SOVIK KENDRICK & SUGNET, P.C.**

By: _____
Karen G. Felter, Esq.
Bar Roll No.: KG3604
*Attorneys for Plaintiff Pennsylvania Manufacturers' Association Insurance Company*
Office and Post Office Address
250 South Clinton Street, Suite 600
Syracuse, New York 13202
Tel: (315) 474-2911
Fax: (315) 474-6015
Kfelter@smithsovik.com